GRAND RIVER DAM AUTHORITY — LEASING POWERS The Grand River Dam Authority is not authorized to make an exclusive lease of electric transmission lines owned by the Authority to another party for the sole use and benefit of such other party. The Attorney General has considered your request for an opinion as to the legality of certain provisions of an agreement entered into sometime ago between the Grand River Dam Authority and a private company. The agreement is known as the "Eighth Amendment to Markham Ferry Coordinating Agreement", which amendatory agreement was made and entered into on the 17th day of February, 1969. The pertinent portion of the agreement which is in question is as follows. "Authority shall, for the sum of One Dollar per year, lease to Company for its sole use and benefit, but nevertheless maintain, the 69 KV lines from Afton Substation to Sailboat Bridge and Afton Substation to Vinita Substation * * * and also the 69 KV Fairland Sub Tap line and the 161 KV line from Miami Substation to the point of interconnection with Empire District Electric Company's 161 KV line * * * Said lease to be coterminous with the unexpired term of the Markham Ferry Coordinating Agreement." You advised that the Markham Ferry Coordinating Agreement referred to in the above paragraph has approximately 40 years yet to run. Therefore, the lease referred to would have a term of approximately 40 years. The Grand River Dam Authority Act contains certain limitations on the sale, lease, or other disposition of property of the Authority. Title 82 O.S. 874 [82-874] (1971) provides in pertinent part as follows: "Nothing in this Act shall be construed as authorizing the District and it shall not be authorized to mortgage or otherwise encumber any of its property of any kind, real, personal or mixed, or any interest therein, * * * Nothing in this Act shall be construed as authorizing the sale, lease, or other disposition of any such property or interest of the District by the District or any receiver of any of its properties or through any court proceeding or otherwise, provided, * * * it being the intention of this Act that except for sale or lease as in this section expressly authorized, * * * no such property or interest shall ever come into the ownership or control, directly or indirectly, of any person, firm, or corporation other than a public authority created under the laws of the State of Oklahoma * * *." (Emphasis added) The Legislature has granted to the Grand River Dam Authority certain powers, rights and privileges which are contained in 82 O.S. 862 [82-862] (1971). It might be contended that the proposed lease is authorized under the provisions of 82 O.S. 862 [82-862] (1971) which provides in pertinent part as follows: "The district shall have and is hereby authorized to exercise the following powers, rights and privileges: * * * (b) To develop and generate water power, electric power and electric energy within the boundaries of the district; and to buy, sell, re-sell, interchange and distribute electric power and energy in order to carry forward the business and functions of the district now or hereafter authorized by law and may enter into contracts for such purposes, such contracts to run for a period of not to exceed fifty (50) years, and may contain such reasonable provisions, limitations, qualifications, protective clauses and rights and obligations of purchase and sale, and such provisions for the dedication of the use of facilities and the construction of additional facilities to serve the load requirements of all the parties as may be deemed advisable by the district to safeguard the business and properties of all the parties to such contracts, all within the limits of sound business judgment and practice, good conscience, and not contrary to the public policy of the state;" (Emphasis added) It is important to note that the above language authorizes the Authority to enter into contracts but that facilities acquired through the contracts are "to serve the load requirement of the parties". The proposed lease dedicates certain facilities to the sole use and benefit of the company, without regard to the load requirements of both parties. Under the proposed lease the Authority would not be able to use the lines to serve any of its load requirements. This agreement would therefore be outside the power granted to the Authority in 82 O.S. 862 [82-862](b) (1971). Therefore the restrictions placed upon the Authority in 82 O.S. 874 [82-874] (1971) concerning the sale, lease or other disposition of the property of the Authority would be controlling. Title 82 O.S. 862 [82-862](b) (1971) clearly provides that in the sale, purchase, and exchange of electric power and energy by the Authority it can contract to dedicate the use of and construct facilities for the purpose of serving the load requirements of the Authority and the party to such a contract for the sale, purchase, and interchange of electric power and energy, but does not authorize the Authority to grant an exclusive lease for the sole use and benefit of another party. It is therefore the opinion of the Attorney General that the Grand River Dam Authority is not authorized to make an exclusive lease of electric transmission lines owned by the Authority to another party for the sole use and benefit of such other party. (Marvin C. Emerson)